# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2375

_____

United States of America,       *
      *
       Appellee,       *
      *    Appeal from the United States
    v.       *    District Court for the
      *    Northern District of Iowa.
Juan Carlos Lopez-Angel,       *
      *      [UNPUBLISHED]
       Appellant.       *

_____

Submitted: December 22, 2009
Filed: January 12, 2010

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Juan Lopez-Angel, who pleaded guilty to a drug charge, appeals the within-Guidelines-range prison sentence the district court[1] imposed after ostensibly granting Lopez-Angel's motion for a downward variance. Counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that, because the court stated it was granting Lopez-Angel's motion for a downward variance and because Lopez-Angel cooperated with law-

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

enforcement officers, the court should have imposed a below-Guidelines-range sentence.

We review sentences for reasonableness, using a deferential abuse-of-discretion standard: first, we ensure that the district court committed no significant procedural error such as improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, sentencing based on clearly erroneous facts, or failing to explain the chosen sentence; then we consider the substantive reasonableness of the sentence under the totality of the circumstances. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (listing factors that constitute abuse of discretion); see also United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness of sentence reviewed for abuse of discretion). We conclude that the district court did not abuse its discretion in sentencing Lopez-Angel, as the court specifically addressed the section 3553(a) factors, including the nature of the offense and Lopez-Angel's criminal history and characteristics (especially his cooperation), and the court arrived at a substantively reasonable sentence under the totality of the circumstances. See 18 U.S.C. § 3553(a); United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (where record reflected that district court made individualized assessment based on facts presented and specifically addressed defendant's proffered information in its consideration of sentencing factors, sentence was not unreasonable). To the extent the court committed any procedural error by indicating it was granting a "variance" and then imposing a sentence within the Guidelines range, that error was harmless. Cf. United States v. Waldner, 580 F.3d 699, 709 (8th Cir. 2009) (failure to properly calculate advisory Guidelines range is significant procedural error, but only a non-harmless error in calculating Guidelines range requires remand for resentencing).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel

informing Lopez-Angel about procedures for seeking rehearing or filing a petition for certiorari.

_____